IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GRIFF HUGHES and LANA HUGHES
on behalf of themselves
and all others similarly situated,

No: 17-cv-00509

Plaintiff,

v.

AIR METHODS CORPORATION and
ROCKY MOUNTAIN HOLDINGS, LLC,

Defendants.

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Griff Hughes and Lana Hughes (together, "Plaintiffs" or "Mr. and Mrs. Hughes"), by and through their counsel, brings this action individually and on behalf of all others similarly situated (the Class), and allege as and for their Class Action Complaint against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC, (hereafter "Defendants"), upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, inter alia, the investigation made by his attorneys, as follows:

### INTRODUCTION

1. Plaintiffs bring this proposed class action on behalf of themselves and all other similarly situated patients transported by Defendants to hospitals throughout the United States, including the state of Missouri. For patients like Plaintiffs' minor son, first responders or other

emergency personnel determine whether a patient needs emergency helicopter transport to the hospital. As such, no written contract is established between the patients and the Defendants.

2. Instead of charging patients a uniform, customary, and reasonable rate, Defendants charge outrageous prices that bear no reasonable relationship to the services rendered or what is customarily charged for the services. On information and belief, these prices and charges are generally many times, up to 400% higher, than what other emergency helicopter transport companies charge for the same service.

3. By forcing this pricing scheme upon Plaintiffs and the proposed class without disclosing their prices and without their patient's knowledge or consent and without any regard to any health insurance payor, managed care payor, or governmental payor, Defendants breached their duty to charge reasonable rates for services, breached the covenant of good faith and fair dealing, and/or were unjustly enriched at the expense of the Plaintiffs and the Proposed Class.

4. In this action, Plaintiffs, on behalf of themselves and the Proposed Class, seek to enjoin Defendants from charging and/or attempting to collect anything above the reasonable rate for services rendered.

5. Defendants conceal their pricing structure by failing to enter into preferred provider contracts with managed care companies and require patients to pay the bill in full and seek reimbursement from their insurance companies.

6. Defendants impose excessive charges that bear no reasonable relationship to the cost of the services rendered.

7. The decision by Defendants to charge outrageous prices is not supported by any rational pricing analysis. Instead, the indefensible prices Defendants charged Plaintiffs and the Proposed Class are the result of Defendants' predatory policy of imposing an inflated pricing

scheme on those who were not informed of Defendants' outrageous pricing and who have no ability to negotiate.

## PARTIES

8. Plaintiffs Griff Hughes and Lana Hughes are adult residents of Osage Beach, Missouri.

9. Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business located at 7301 South Peoria Street, Englewood, Colorado 80112 and with its registered agent, C T Corporation System, located at 1675 Broadway Ste 1200, Denver, Colorado 80202.

10. Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business located in Cincinnati, Ohio and with its registered agent C T Corporation System, located at 1300 East Ninth Street, Cleveland, Ohio 44114. On information and belief, Defendant Rocky Mountain Holdings, LLC, is a holding company that owns Air Methods Corporation.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of five million dollars ($5,000,000.00) and is a class action in which Plaintiffs and members of the Class are citizens of states different from Defendants.

12. This Court has personal jurisdiction over Defendants because they are authorized to do business and are conducting business throughout the United States, including Colorado; they have sufficient minimum contacts with the various states of the United States, Colorado; and/or sufficiently avail themselves of the markets of the various

states of the United States, including Colorado, to render the exercise of jurisdiction by this Court permissible.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District, Defendants maintain offices in this District and are subject to personal jurisdiction in this District, and have consented to venue in this District.

14. Venue is also proper because: (a) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## FACTS

15. On November 6, 2016, Defendants transported Mr. and Mrs. Hughes' minor son approximately sixty-six miles.

16. No oral or written contract was agreed upon between Plaintiffs and Defendants.

17. Following the transport, Defendants billed Plaintiffs a total of $52,743.63 and itemized this charge as $30,157.77 as the Helicopter Rotor Base charge, along with an additional $22,585.86 for 66 miles of transport. (*See* Exhibit A, November 11, 2016, Invoice).

18. Defendants then attempted to mislead Plaintiffs by advising him that he needed to sign what they titled: "ASSIGNMENT OF BENEFITS ***REQUIRED FOR INSURANCE BILLING***". (Emphasis supplied). (*See* Exhibit B, Assignment of Benefits) However, this document far exceeds anything Defendants would require to bill an insurance carrier for the services provided. For example the document contains the following:

> **ASSIGNMENT OF BENEFITS & LIEN** I request and authorize direct payment to Provider of any Medicare and other insurance

4

benefits payable to me or on my behalf for Services rendered by Provider, now or in the future. At Provider's e lection, I also assign to Provider all of my rights and interest in all such insurance benefits or proceeds, including but not limited to the right to appeal any denial of benefits or to file any lawfully authorized lien necessary to secure payment from any third party or a third party' s Insurer. I further intend for this Assignment & Lien to create a secured interest under the applicable Uniform Commercial Code. Accordingly, I hereby grant to the Provider a primary, non-contingent secured interest in all Proceeds to the extent permitted by law for the purpose of sec securing payment of my charges, which secured interest shall attach and also be automatically perfected effective as of the date and time that my condition first arose. I further authorize Provider to file the form(s) normally filed with the secretary of state or other governmental agency relating to such secured interests, and to make such filings in all relevant juris diction s as Provider sees fit in its sole discretion. I agree that once payment in-full has been made towards all outstanding Charges to the full extent permitted by law or contract, such secured interest shall be removed or terminated solely upon my written request sent through the U.S. Postal Service Certified Mail. Consistent with these terms, I hereby direct any and all Payers, to pay the Proceeds directly to. immediately to, and exclusively in the name of, Provider to the extent of my Charges. I understand and agree to immediately remit all payments received from insurance for those services. I agree to cooperate with Provider or its agent in collecting any such benefits. This assignment shall not obligate Provider to file any appeal or perfect any such lien and nothing herein shall relieve me from direct financial responsibility for any charges not paid by an Insurer.

**RELEASE OF INFORMATION** 1 authorize Provider and any other holder of information about me to disclose all or any part of my medical record or other information needed to determine my eligibility for benefits or the amount of benefits payable for Services rendered by Provider, now or in the future, to any financially responsible party, including but not limited to: the Centers for Medicare and Medicaid Services (CMS), Medicaid, their intermediaries or carriers, Worker's Compensation carriers, health or liability insurers, or any other insurance organization or billing agent (collectively , " Insurer"). I authorize any holder of medical and billing information about me to release to Provider or any Insurer any information necessary for billing and payment purposes. I consent to the use of a copy of this authorization in lieu of the original.

5

>**FINANCIAL RESPONSIBILITY** I acknowledge that many Insurers will only pay for services that they determine to be medically necessary and that meet other coverage requirements. For example, some Insurers require prior authorization for certain services. If my Insurer determines that the Services, or any part of them, are not medically necessary or fail to meet other coverage requirements, the Insurer may deny payment for that Service. Notwithstanding any other provision herein, I agree that if my Insurer denies all or any part of Provider's charges for any reason, or if I have no insurance. I will be personally and fully responsible for payment of Provider's charges. Should my account be referred to an attorney or collection agency, I agree to pay actual attorney's fee s and collection expenses. This Authorization and Consent Form contains the agreement in full. Any revisions, strikethroughs, handwritten language or other changes to the typewritten text cannot be made except by another mutually signed agreement. Any such modifications without a mutually signed agreement are null and void and non-enforceable. The undersigned certifies that he/she has read the foregoing, and is the patient, the patient's legal representative or is duly authorized by the patient as the patient's agent to execute this Authorization and Consent form and to accept its terms, except as noted below.

19. Plaintiffs' insurance subsequently denied the claim and Defendant Air Methods sent Plaintiffs a bill for the full amount of $52,743.63. (*See* Exhibit C)

20. It is believed and therefore averred that the amount sought by Defendants grossly exceeds the "uniform, customary, and reasonable amount" typically charged for like transport. Moreover, the amount charged does not represent the reasonable value of services rendered and is grossly excessive.

21. It is believed and therefore averred that Defendant Air Methods has increased its billed charges from an average of $13,198 in 2007 to $40,766 in 2014, which resulted a tripling of its net income, which has grown from $27.5 million to $99.4 million over the same time period. *See* "Is Sky-High the Limit?" Elan Head, Vertical Magazine, October 27, 2015.[1]

---

[1] http://www.verticalmag.com/features/isskyhighthelimit/

22. At all times relevant to this litigation, Plaintiffs lacked knowledge of the outrageous and unconventional rates charged by Defendants for transport service.

23. The price in Defendants' invoice was not disclosed to Plaintiff prior to Defendants' transportation of Plaintiffs' minor child.

24. Additionally, Defendants' services have a fair market value.  Where Defendants seek to recover more than the fair market value of its services, Defendants act in bad faith by imposing contracts of adhesion on the Plaintiffs and the Proposed Class.   Defendants should not be able to recover more from Plaintiffs and the Proposed Class than the fair market value of their services where Plaintiffs and the Proposed Class have no meaningful choice about entering into the transaction.

## CLASS ACTION ALLEGATIONS

25. This action is brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiffs and all others similarly situated. The proposed Class is defined as follows:

> All individuals who have received or whose minor children have received emergency medical transport by Defendants from a location located in the United States.
>
> Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

Additionally or alternatively, Plaintiffs propose as a Missouri class or subclass (the "Subclass") defined as follows:

> All individuals who have received or whose minor children have received emergency medical transport by

>Defendants from a location in Missouri during the period of four (4) years prior to the commencement of this action.
>
>Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

26. Plaintiffs reserve the right to redefine the Class(es) prior to class certification.

27. The members of the proposed Class are so numerous that joinder of all members is impracticable.

28. The exact number of Class members is unknown as such information is in the exclusive control of Defendants. However, due to the nature of the trade and commerce involved, Plaintiffs believe the Class consists of thousands of Class Members.

29. Common questions of law and fact affect the right of each Class member and a common relief by way of damages is sought for Plaintiffs and Class members.

30. The harm that Defendants caused or could cause is substantially Uniform with respect to Class members. Common questions of law and fact that affect the Class members include, but are not limited to:

>A. Whether the provision of medical transport by Defendants to Plaintiffs and the Members of the Proposed Class in the absence of a written agreement created an implied contract between Defendants and Plaintiffs and Defendants and Members of the Proposed Class;
>
>B. Whether Plaintiffs and Members of the Proposed Class were charged prices for services rendered throughout the United States, including the state of Missouri that violated implied contracts between Defendants and Plaintiffs and Defendants and the Members of the Proposed Class;
>
>C. Whether Plaintiffs and Members of the Proposed Class were charged prices by Defendants throughout the United States, including the state of Missouri that were so high as to be unreasonable and unconscionable;

    D. Whether Defendants have been unjustly enriched by charging Plaintiffs and Members of the Proposed Class unreasonably high rates for services and materials;

    E. Whether Defendants breached a contractual relationship with Plaintiffs and Members of the Proposed Class, including breach of the covenant of good faith and fair dealing, by charging Members of the Proposed Class unreasonable prices for transport services;

    F. Whether Plaintiffs and Members of the Proposed Class are entitled to restitution of overcharges collected by Defendants;

    G. Whether Plaintiffs and the Members of the Proposed Class sustained damages as a result of Defendants' breach of implied contract by charging an unreasonable rate;

    H. Whether the Court should grant injunctive relief to Members of the Proposed Class to prevent the continuation of the foregoing acts and conduct of Defendants; and

    I. Whether Plaintiffs and other Members of the Proposed Class are entitled to punitive damages for Defendants' unlawful conduct.

31. The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the Class. Plaintiffs and all members of the class have received emergency medical transport by Defendants. Instead of charging patients a uniform, customary, and reasonable rate, Defendants charge outrageous prices that bear no reasonable relationship to the services rendered or what is customarily charged for the services. The named Plaintiff and the Class have been damaged by Defendants' conduct in that these prices and charges are generally many times, up to 400% higher, than what other emergency helicopter transport companies charge for the same service. As such, Plaintiffs and the class did not receive fair market value for these services.

32. The named Plaintiffs will fairly and adequately assert and protect the interests of the Class. Specifically, they have hired attorneys who are experienced in prosecuting class

action claims and will adequately represent the interests of the class and they have no conflict of interest that will interfere with the maintenance of this class action.

33. A class action provides a fair and efficient method for the adjudication of this controversy for the following reasons:

a. The common questions of law and fact set forth herein predominate over any questions affecting only individual class members;

b. The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

c. There are no unusual legal or factual issues which would create manageability problems;

d. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

e. Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

f. The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedure in which class members can, as a practical matter, recover. However, the claims of individual Class members are large enough to justify the expense and effort in maintaining a class action.

## CAUSES OF ACTION

## COUNT I

### (BREACH OF IMPLIED CONTRACT)

34. Plaintiffs and the Proposed Class incorporate the preceding and succeeding paragraphs as though set forth herein at length.

35.     Prior to the receipt of services, no negotiation of contract terms took place and Plaintiffs and Defendants did not enter into either a written or oral agreement on the terms of any contract, particularly the price Defendants charged for transport services.

36.     Prior to sending Plaintiffs and Members of the Proposed Class a bill, Defendants never disclosed the rates it charged for its services.  As these agreements contained an undefined price term they constituted an implied contract and Defendants were obligated to charge the fair and reasonable value of the services and materials they provided to Plaintiffs and each Member of the Proposed Class.

37.     Instead of charging Plaintiffs and Members of the Proposed Class the fair and reasonable value of their services and materials, Defendants breached the implied contracts, including the implied covenant of good faith and fair dealing, by charging inflated prices that bear no reasonable relationship to the services rendered.

38.     By any measure, the prices Defendants charged Plaintiffs and the Members of the Proposed Class for their services were unreasonable.  These prices far exceed the amounts paid by third-party payors, including the "uniform, customary, and reasonable" amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

39.     As a result of Defendants' breach of the implied contracts, Plaintiffs and Members of the Proposed Class have incurred damages in the amount of the overcharges levied by Defendants.

## COUNT II
### (UNJUST ENRICHMENT)

40.     Plaintiffs and the Proposed Class incorporate the preceding and succeeding paragraphs as though set forth herein at length.

41. Defendants have charged, sought and/or received fees from Plaintiffs and the Proposed Class well above and beyond those they are entitled to receive.

42. Plaintiffs and Members of the Proposed Class conferred the benefit to the Defendants under misapprehension of a right or duty. The Defendants obtained these payments by fraud, coercion, or abuse of a confidential relationship. The Court cannot equitably and in good conscience allow the Defendants to be thusly enriched at the expense of Plaintiffs and the Members of the Proposed Class.

43. Wherefore Plaintiffs demand judgment for themselves and all others similarly situated for compensatory damages, punitive damages, attorneys' fees, costs of court, reimbursement of reasonable expenses, and any other legal or equitable remedy the Court deems just.

## COUNT III

### (DECLARATORY AND INJUNCTIVE RELIEF)

44. Plaintiff and the Proposed Class incorporate the preceding and succeeding paragraphs as though set forth herein at length.

45. Alternatively, Plaintiffs seek injunctive and declaratory relief for the purposes of determining questions of actual controversy between the Members of the Proposed Class and Defendants.

46. Defendants have acted in a uniform manner in not disclosing their outrageous prices to Plaintiffs and the Proposed Class Members before rendering their services.

47. Defendants have acted or refused to act on grounds that apply generally to the declaratory relief of Plaintiffs and the Proposed Class Members, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the Proposed Class as a whole within the meaning of Fed. R. Civ. P. 23.

48. Plaintiffs seek declarations to determine the rights of the Proposed Class Members and to enjoin Defendants from further engaging in a pattern of activity whereby they uniformly charge an unreasonable rate for transport services throughout the United States, including the state of Missouri.

49. Plaintiffs and Members of the Proposed Class further seek a prospective order from the Court requiring Defendants to: (1) cease the charging of unreasonable rates to patients; and (2) to cease Defendants' attempts to collect outstanding bills beyond what are reasonable charges from Plaintiff and the Members of the Proposed Class.

50. The implied contracts between Plaintiffs and Defendants do not contain a defined price term which is necessary to the formation of an enforceable contract. As such, Plaintiff seeks an order from the Court that the purported bills submitted by Defendants to Plaintiff and the Members of the Proposed Class are unenforceable contracts because of the lack of mutuality.

51. In the absence of an enforceable contract, Defendants are entitled to receive the fair and reasonable value of the benefits bestowed upon Members of the Proposed Class. The charges billed by Defendants to Members of the Proposed Class greatly exceeded the reasonable value of the benefit bestowed. As a result, Defendants have been unjustly enriched by the overcharges they have levied against Members of the Proposed Class through the improper and/or illegal acts alleged in this Complaint.

52. Plaintiffs and Members of the Proposed Class seek the disgorgement of Defendants' illicit profits, and restitution in the amount of excess charges levied by Defendants and other relief as set forth in the prayer below.

53.  As a result of Defendants' improper and unconscionable charging practices as described above, Plaintiffs and all Members of the Proposed Class have suffered, and will continue to suffer, irreparable harm and injury.

54.  Accordingly, Plaintiffs and Members of the Proposed Class respectfully ask the Court to enter a permanent injunction ordering Defendants to cease and desist their practice of charging Plaintiff and the Members of the Proposed Class unconscionable and/or unreasonable prices for their services as set forth above, at rates far in excess of rates that are uniform, customary, and reasonable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Proposed Class of persons described herein, pray for an Order as follows:

   a)  Entering an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff as the class representatives, and designating the undersigned as class counsel;

   b)  Entering judgment in favor of Plaintiffs and the Class and against Defendants;

   c)  Awarding Plaintiffs and Class Members their individual damages including interest thereon;

   d)  Awarding treble damages pursuant to law;

   e)  Awarding Plaintiffs all costs and disbursements, including attorneys' fees, experts' fees, and other class action related expenses;

   f)  Award all actual, general, special, incidental, statutory, treble, punitive, attorneys' fees, interest, costs and consequential damages to which Plaintiffs and Class Members are entitled;

   g)  Imposing a constructive trust, where appropriate, on amounts wrongfully collected from Plaintiffs and the Class Members pending resolution of their claims herein;

      h)      Issuing appropriate declaratory and injunctive relief to declare the rights of Plaintiffs and the Class Members; and

      i)      Granting such further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all claims and issues.

Date: February 27, 2017

Respectfully Submitted By:

s/ Mitchell Baker
Mitchell Baker,
1543 Champa St., Ste. 400
Denver, CO 80202
Phone: (303) 592-7353
Fax: (303) 571-1001
mitchbaker@estreet.com

s/Richard J. Burke
Richard J. Burke
QUANTUM LEGAL, LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035
(847) 433-4500
rich@qulegal.com

s/Jamie Weiss
Jamie Weiss
QUANTUM LEGAL, LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035
(847) 433-4500
jamie@qulegal.com

s/ Zachary A. Jacobs
Zachary A. Jacobs
QUANTUM LEGAL, LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035
(847) 433-4500

zachary@qulegal.com

*Attorneys for Plaintiff and the Putative Class*

16